GRUENDER, Circuit Judge,
concurring in part and dissenting in part.
I join all of the Court’s opinion with the exception of the decision to forego a remand to the district court for a proper calculation of the attorneys’ fee award. I do not interpret the Supreme Court’s statement in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), about avoiding a “second major litigation” to encourage courts of appeals to usurp the traditional role of district courts in determining the proper fee award. Rather, I read Hensley to suggest that it is the deferential standard of review, not our ability to calculate a fee award de novo, that alleviates the Supreme Court’s efficiency concerns, including “avoiding frequent appellate review of what essentially are factual matters.” See Hensley, 461 U.S. at 437, 103 S.Ct. 1933; see also id. at 430 n. 3, 103 S.Ct. 1933 (listing twelve factors to consider in calculating a fee award). We review the amount of an award using the deferential abuse of discretion standard precisely because “of the district court’s superior understanding of the litigation.” See id. at 437, 103 S.Ct. 1933.
The Court today declares that because “the record before us is clear” and “remand would be inefficient,” it is “necessary” for us to determine the appropriate attorneys’ fee award. Ante, at 958. Because the same can be said for most, if not all, attorneys’ fee disputes that are appealed, it will henceforth become necessary for us to calculate the proper attorneys’ fee award as a matter of course, whenever we find an abuse of discretion. District courts are in a far better position to perform this time-consuming and fact-intensive task. As a result, I would adhere to our previous cases in which we have uniformly remanded for the district court to re-calculate the proper attorneys’ fee award. See, e.g., Lash v. Hollis, 525 F.3d 636, 643 (8th Cir.2008); ante, at 957-58 (collecting cases); see also Gisbrecht v. Barnhart, 535 *960 U.S. 789, 809, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (similarly remanding for a new award calculation); Hensley, 461 U.S. at 440, 103 S.Ct. 1933 (same). On this issue alone, I respectfully dissent.